CHARLES MORNAN v. JAMES H. WINSTON.

[Abstract Kentucky Law Reporter, Vol. 1—330.]

**Distress Warrant for Rent.**

> The landlord may have a distress warrant for rent due him, and the fact that the tenant holds a valid claim for work and labor done for the landlord prior to the landlord's beginning his suit will not preclude him from recovering the amount due for rent when the tenant fails to plead the claim due him by way of set-off.

**Set-Off or Independent Action.**

> A tenant against whom a distress warrant is issued for rent, who holds a claim against the landlord not growing out of or connected with the rent, may plead his claim as a set-off. In a separate action by the tenant against the landlord for seizing his property under a distress warrant and sacrificing it in an effort to collect, the landlord is a competent witness to establish the amount of rent due, and it is error to exclude his testimony.

APPEAL FROM CAMPBELL CIRCUIT COURT.

October 20, 1880.

OPINION BY JUDGE PRYOR:

On the 2d of August, 1875, the appellant sued out a distress warrant against the appellee, Winston, for $40.25, amount of rent alleged to be due. The personal property of the appellee was sold, and as he alleges sacrificed, in the effort on the part of the appellant to make his alleged claim. The appellant knew he was not indebted to him in a sum exceeding twenty dollars, and with this knowledge had his property wrongfully seized and sold for twice that amount. During the progress of the trial the appellant (the landlord) offered himself as a witness for the purpose of establishing the amount of rent due, and his testimony was excluded on the ground that on the 5th of August, two days after the issuing of the distress warrant, the tenant had instituted an action against the landlord on an account for work, labor and material furnished the latter by the tenant, and asking a judgment for a much larger amount than the claim for rent. On the trial of that case there was a judgment for the tenant, and the account made the basis of that action antedating the day on which the distress warrant was issued, the court held that no claim for rent existed, or that the landlord was in no danger of losing his rent.

This is not an attachment, but the ordinary mode of recovering

rent on the failure of the tenant to pay. While the tenant might have defeated the recovery by pleading the claim due him as a set-off he was not compelled to make such a defense, and having resorted to his action at law, we see nothing to prevent the landlord from instituting proceedings for the recovery of the rent. The several liabilities had no connection the one with the other, and the fact of the indebtedness by the landlord, growing out of a transaction having no connection whatever with the demand for rent, did not preclude the latter from recovering the amount due for the rent. Suppose the tenant held a mortgage executed by the landlord to secure the tenant's claim on the idea that the land was leased to the tenant; this would not operate as a bar to the recovery of the rent due, or prevent its collection unless pleaded by way of set-off. It is not contended that the materials furnished by the tenant was in discharge of the rent by any agreement of the parties, express or implied, but as there were mutual subsisting claims at the time the rent became due or the distress warrant issued, the landlord is without remedy. The indebtedness by the landlord to the tenant shed no light on the issue raised in the action of tort for the alleged wrongful seizure and sale of the tenant's property, and therefore the appellant should have been allowed to prove whether the rent had been paid.

The instruction that the appellee was entitled to double damages, etc., was erroneous. This is no proceeding under the statute.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*E. W. Hawkins, for appellant.    Barry & Hounshell, for appellee.*

[Cited, *Kamer v. Bryant*, 103 Ky. 723, 20 Ky. L. 340, 46 S. W. 14.]